Jeffery Wayne HARRISON, Appellant,

v.

The STATE of Texas, Appellee.

No. 67574.

Court of Criminal Appeals of Texas, Panel No. 3.

Oct. 28, 1981.

Rehearings Denied Dec. 23, 1981.

Robert F. Watson, Mineral Wells, for appellant.

Randolph C. Chandler, Dist. Atty., Stephenville, Bailey F. Rankin, Asst. Dist. Atty., Granbury, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

## OPINION

McCORMICK, Judge.

Appellant entered a plea of guilty to the offense of burglary of a building and was placed on probation for a term of two years. Thereafter, an amended motion to revoke was filed which alleged that appellant had violated the terms and conditions of his probation by committing the offense of issuance of bad check (V.T.C.A. Penal Code, Section 32.41) on six occasions.

At the hearing, the State presented evidence from two witnesses concerning three of the checks alleged in the motion. Following the hearing, the trial court revoked appellant's probation, finding he had in fact violated his probationary terms by issuing the three bad checks introduced into evidence.

In his brief on appeal, appellant contends that the trial court abused its discretion in revoking probation since the evidence presented failed to show that, at the time of the issuance of the checks in question, appellant did not have "sufficient funds in and on deposit with said bank for the payment in full of the check as well as all other checks outstanding at the time of issuance."

William Graham testified that he was the owner of the Radio Shack franchise in Mineral Wells and that on April 19, 1980, the appellant made two purchases from his store. He identified two checks which had been presented for payment of those purchases and testified that following their deposit they were returned to him by his bank unpaid. Graham further testified that he sent a letter to appellant by certified mail notifying him of the bank's refusal to honor the checks. Copies of Graham's letter and the receipt for certified mail were also introduced.

On cross-examination, Graham stated that he had no knowledge as to whether or not appellant's bank account contained enough funds to cover the checks written plus any and all other checks outstanding.

Cynthia Hodges testified that she was the bookkeeper for Ator's Exxon Station and that on March 27, 1980, she accepted a check from appellant in payment for gasoline. She further testified that, after depositing the check, it was returned to her unpaid, with the notation "NSF." There was no testimony as to the meaning of this notation. She thereafter sent a letter to appellant by certified mail notifying him that the check had been returned. The check, letter, and receipt for certified mail were identified by her and placed in evidence.

Appellant then testified that at the time he wrote the checks he did not know they were bad, that he did not receive the letters from Graham or Hodges, and that he had made restitution on the checks prior to the time of the hearing on the motion to revoke probation.

**520**

The State contends that appellant's own testimony shows that there were insufficient funds in his account to satisfy the requirements of the statute. Appellant testified:

> "A. The checks that I wrote, I paid for them with payroll checks that I received. And the checks that come back, my payroll check had been late, when I finally got it deposited, these checks had already been turned in to the County Attorney."

Contrary to the State's contention, we do not believe that this testimony shows that appellant had insufficient funds in his account for the payment in full of the checks as well as all other checks or orders outstanding at the time he issued the checks. Section 32.41(a), supra. Although the State has shown all other elements of the offense by a preponderance of the evidence, there is no evidence in the record which establishes the condition of appellant's bank account at the time the checks in question were issued. We conclude that the trial court abused its discretion in revoking appellant's probation.

The order revoking appellant's probation is reversed, and the cause is remanded.